## FERGUSON v. TOWN OF LEWISBORO.

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

HIGHWAYS (§ 193*)—INJURY TO TRAVELERS—LIABILITY OF TOWN.

A town is liable for injury to a traveler, caused by collapse of decayed planks over a ditch along the side of a highway at a point where a private road crosses the ditch to join the highway, where, though the town superintendent of highways knew of the defective condition, he did not take steps to procure repair and did not inform the town board, since Highway Law (Consol. Laws 1909, c. 25) § 74, makes towns liable for injury resulting from defects in highways negligently permitted by the superintendent to exist, and since the superintendent is chargeable under section 47 with the care of the highways in his town, though section 71 requires owners of adjoining lands to maintain approaches to highways.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 487–490; Dec. Dig. § 193.*]

Appeal from Trial Term, Westchester County.

Action by Helen Margaret Ferguson, by William Ferguson, her guardian ad litem, against the Town of Lewisboro. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Raphael Link, for appellant.
Henry R. Barrett, for respondent.

CARR, J. The plaintiff appeals from a judgment of the Supreme Court in Westchester county, dismissing her complaint; likewise from an order denying her motion for a new trial.

The action was brought to recover damages for a personal injury, on the theory that the defendant had been guilty of negligence in failing to keep in reasonably safe condition a part of a public highway. The proofs taken at the trial would have required the submission to the jury of the question of the defendant's negligence, were it not that the learned trial court was of opinion that the defendant town had no statutory duty as to the point on the highway where the accident in question took place. The plaintiff was an infant two or three years of age, and was one of a party which occupied a carriage which was being driven onto the traveled portion of the highway from private property adjoining. The highway, as constructed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and maintained, was bordered by a ditch, which had been made for the drainage of the highway. The roadway was constructed originally by the state, and was macadamized in the part intended for general travel. At the point where this accident happened, the state contractors, in accordance with their contract, laid a wooden driveway across the ditch, in order to provide access to the farm of one Silkman, which abutted the highway at that point. This driveway, or "bridge," as it is termed in the briefs on this appeal, spanned the bordering ditch, which was about 2 feet wide, and extended along the side of the road about 24 feet; its width being about 6 feet. The planking and timbers had been allowed to rot, and the horse, drawing the carriage in which the plaintiff was a passenger, stepped into or made a hole in the rotten planking, and fell, thereby causing grave personal injuries to the plaintiff.

Some months before the accident, the town superintendent of highways had sent some men to the place in question to remove the planking temporarily for the purpose of cleaning out and restoring the original ditch, which had been choked up with sand. These men were instructed to relay the planks as they found them. The planks were found by them at that time to be rotten, and the town superintendent was then so informed. He did not call this matter to the attention of the town board, and no repairs were made thereafter either by the town or the abutting owner. The rotten condition of these planks was the proximate cause of the accident in question. The plaintiff and her companions were lawfully on the highway, and they had no connection with the abutting owner, whose premises they had visited for business purposes. At the time of the accident, they were ordinary travelers on a public highway, and the cause of the accident was a condition existing entirely within the highway lines, though not within the traveled or macadamized portion thereof.

By section 74 of the highway law (Consol. Laws 1909, c. 25), every town is "liable for all damages to person or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any town superintendent of such town." It was urged, however, at the trial, that as this wooden driveway was intended and used as an approach to and from the highway for the benefit of the abutting private property, no duty in relation thereto was cast upon the town superintendent by statute. This contention is based upon the provisions of section 71 of the highway law, which provides as follows:

"The owners or occupants of lands shall construct and keep in repair all approaches or driveways from the highway, under the direction of the district or county superintendent, and it shall be unlawful for such owner or occupant of lands to fill up any ditch or place any material of any kind or character in any ditch so as to in any manner obstruct or interfere with the purposes for which it was made. The town superintendent may, when directed by the town board, construct and keep in repair such approaches and the expenses thereof shall be a town charge."

It appeared at the trial that the abutting owner had not been directed by the district or county superintendent to make any repairs to the approach or driveway in question. Likewise it appeared that

the town superintendent had not been directed by the town board to make any repairs thereto. This action is brought against the town itself, and whether it be liable must be determined under the statutory provisions which impose liability, for at common law the town itself was not liable under such circumstances. In order that the town may be held liable for a "defect in its highways or bridges," such defect must be "existing because of the neglect of any town superintendent of such town." Highway Law, § 74. The defect here in question came about through lack of repair of the approach or driveway. The town superintendent, however, had no duty to make repairs to this approach or driveway as a town charge, unless so directed by the town board. Concededly, such direction was not given by the town board. Whether the abutting owner can be held liable is not before this court, as that person is not a party to this action.

It is argued, however, that the town superintendent may be found guilty of neglect in failing to take steps to compel the abutting owner to put the driveway or approach in good condition of repair. Section 73 of the highway law provides as follows:

"The town superintendent shall bring an action in the name of the town, against any person or corporation, to sustain the rights of the public, in and to any town highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto, and to recover any damages sustained or suffered, or expenses incurred by such town, in consequence of any act or omission of any such person or corporation, in violation of any law or contract in relation to such highway."

This section did not require him to make the repairs necessary and then to sue the abutting owner for the expense thereof, for he could not make these necessary repairs unless so directed by the town board. Highway Law, § 71. Nor could he proceed against the abutting owner to compel him directly to make repairs, unless there had been a prior direction of the district or county superintendent requiring such repairs, and as it appears in this case no direction had been given by a district or county superintendent in relation thereto. The same statute which affixes liability on the town for a defect in the highway, arising from the negligence of the town superintendent, likewise renders the town superintendent liable over to the town for such damages as it may have paid or become liable for by reason of such negligence. Highway Law, § 75. Both sections of the statute should be construed together.

There is, however, another aspect of this case, in which personal negligence on the part of the town superintendent may, as it seems to us, be chargeable properly. Section 47 of the highway law imposes upon the town superintendent a general duty of care and superintendence of the highways and bridges in the town. This general duty of care and superintendence requires a reasonable inspection of the highway from time to time. When the highway from any reason becomes unsafe, to his knowledge, as in this case, and if the circumstances be such that the action of the town board be required to remedy the defect, then, as we believe, he owes a positive duty to call the matter to the attention of the town board, so that the defect may be remedied. While no charge of negligence can arise against him

if the town board neglects to act after he has informed it of the situation, yet a failure on his part to place the matter before the town board, when he has full knowledge, indicates a negligent performance of his general duty of care and superintendence, and the continuing defect may be said to be one "existing because of the neglect" of the town superintendent, within the meaning of the statute as above cited.

We think that the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.